UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| EX PARTE:  Belinda Timmons | ) | |
| | ) | |
| John Edward Ham and Charles Fuentes, | ) | C/A No. 4:15-cv-00372-RBH-KDW |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| Thomas McFadden, Kenney Boone, and Florence County Sheriff's Department, | ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the court on the Motion of a non-party seeking to quash a deposition subpoena. Florence County Magistrate Judge Belinda Timmons moved to Quash her Deposition Subpoena, ECF No. 24, on November 13, 2015, pursuant to Rule 45(c)(3)(A)(iii) of the Federal Rules of Civil Procedure. On November 25, 2015, Plaintiffs filed a Response objecting to non-compliance with the deposition subpoena in question, ECF No. 25, and Judge Timmons filed a Reply on December 9, 2015, ECF No. 28. This Motion is now ripe for review.

On October 27, 2015, Plaintiffs served Judge Timmons with a Subpoena to Testify at a Deposition in a Civil Action, instructing her to appear on November 16, 2015, at 10:30 a.m. for the deposition. ECF No. 24-2 at 3-4. Rather than appearing at the noticed time for her deposition, Judge Timmons moved to quash the subpoena, through counsel. ECF No. 24. In her Motion, Judge Timmons represents that she was advised by the South Carolina Court Administration that she should not testify in this matter. ECF No. 24 at 1. In her memorandum in support of her Motion to Quash, Judge Timmons argues the case of *In re*

1

*Whetstone*, 580 S.E.2d 447 (S.C. 2003), stands for the proposition that a judge "may not be required to testify about a case over which she previously presided." ECF No. 24-1 at 1. Though noting an exception to that proposition, Judge Timmons argues the exception does not apply in this instance. *Id.* at 1-2.

In the case of *In re Whetstone*, 580 S.E.2d 447, a former South Carolina circuit court judge petitioned for writ of certiorari to quash a subpoena requiring him to testify in a postconviction relief hearing. Earlier the PCR court denied Whetstone's Motion and allowed limited questioning. *Id.* at 448. On appeal, the South Carolina Supreme Court noted that judges should not be required to testify "unless the testimony is 1) critical; and 2) can be obtained by no other means." *Id.* Ultimately, in that instance, the supreme court held that "[n]o relevant need for Whetstone's testimony overcomes the presumption judges should not be called to testify regarding matters from a case over which they previously presided." *Id.* at 449. In its analysis, the *Whetstone* court also noted the case of *State v. Talbert*, 19 S.E. 852 (1892). In *Talbert*, the defense sought a judge's testimony concerning an arrest warrant issued against the defendant, and the State's objection was sustained at trial. *Id.* at 448. The *Whetstone* court found:

> The issue on appeal [in *Talbert*] was whether the trial court should allow a judge to testify as a witness concerning actions taken in his official capacity. This Court affirmed, reasoning the defendant's position was "clearly untenable" because the *warrant itself was the best evidence of the fact sought to be proved, not the testimony of the judge*. The Court further found the judge's testimony irrelevant.

*Id.* (emphasis added).

Here, Plaintiffs represent that this case "involves the arrest of two bail bondsman (sic) for assault that allegedly took place during the time that the two bail bondsmen were arresting a defendant." ECF No. 25 at 1. Plaintiffs argue that use of force during the course of

an arrest of a defendant while out on bond is authorized under South Carolina law. *Id.* Based on the nature of the case, Plaintiffs "seeks (sic) to depose Judge Timmons to understand what facts were relayed to her during the process of signing the arrest warrants for [Plaintiffs]." *Id.* Plaintiffs further represent that "Judge Timmons is the only person who can verify whether or not she knew that the Defendants [now Plaintiffs] in the case were bondsman (sic) and whether or not she was apprised of the facts of the lawful arrest action being taken at the time of the alleged assaults." *Id.* at 2.

In Reply, Judge Timmons maintains "the best evidence of the issuance of the warrant is the Affidavit contained in the warrant itself." ECF No. 28 (citing *Talbert*, 19 S.E. 852). The undersigned agrees. Based on the precedent from the South Carolina Supreme Court, the undersigned grants Judge Timmons' Motion to Quash her deposition subpoena, ECF No. 24. The representations made to her in during the course of obtaining the arrests warrants should be documented in the affidavits that are attached to the warrants. Furthermore, the arresting officer, Defendant Thomas McFadden, was and is available for questioning regarding the representations made to Judge Timmons during the course of securing the warrants at issue. Therefore, the undersigned declines to find that this case presents an exception to the rule that judges are not required to testify concerning matters considered in their official capacity as stated in *Whetstone*. 580 S.E.2d at 447.

IT IS SO ORDERED.

December 14, 2015  
Florence, South Carolina

Kaymani D. West  
United States Magistrate Judge