UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Jon Edward Ham and Charles Fuentes, )<br>)<br>    Plaintiffs, )<br>)<br>v. )<br>)<br>Thomas McFadden, )<br>)<br>    Defendant. )<br>_____ ) | Civil Action No.: 4:15-CV-00372-RBH<br><br><br><br>**ORDER** |

Plaintiffs Jon Edward Ham and Charles Fuentes, represented by counsel, brought this action against Defendant Thomas McFadden (and dismissed Defendants Kenney Boone and the Florence County Sheriff's Department) alleging violations of their constitutional rights pursuant to 42 U.S.C. § 1983, and also asserting state law claims. [ECF #1]. The Defendant timely filed an Answer. [ECF #5]. On December 16, 2015, the parties jointly filed a Stipulation of Dismissal dismissing all state law claims against the named Defendants with prejudice. [ECF #30].

Upon completion of discovery, Defendant McFadden moved for summary judgment on all remaining claims. [ECF #33]. On February 10, 2016, the parties filed a Stipulation of Dismissal dismissing Defendants Boone and the Florence County Sheriff's Department with prejudice. [ECF #40]. On June 14, 2016, United States Magistrate Judge Kaymani D. West issued her Report and Recommendation (the "R&R") recommending this motion be granted and the case dismissed. [ECF #45]. Plaintiffs did not file any objections to the R&R. On July 6, 2016, this Court issued an Order accepting the R&R, thereby dismissing the action and granting summary judgment in favor of the

1

Defendant on the federal causes of action and declining to exercise supplemental jurisdiction over any state law claims. [ECF #46].

This matter is now before the Court on Defendants' Motion Attorney Fees. [ECF #49]. Defendant seeks an award of attorney's fees and related, nontaxable expenses pursuant to 42 U.S.C. § 1988, because Defendant was the prevailing party and because he asserts Plaintiffs' claims were frivolous, unreasonable, and groundless. [ECF #49-1].

**Background**

Briefly, this lawsuit arises from an incident that occurred on October 27, 2011. Apparently, Plaintiffs Ham and Fuentes sought to be relieved of a bail bond they have previously posted for an individual named Mr. Joey Green. [ECF #1]. In their attempt to arrest and/or detain Mr. Green, an altercation ensued wherein Mr. Green and his girlfriend were allegedly assaulted by Plaintiffs, resulting in a complaint filed with the Florence County Sheriff's Department. [ECF #49-1, p. 2]. Defendant Thomas McFadden was the individual responsible for investigating the allegations in the complaint. [ECF #49-1, p. 2]. To that end, he interviewed several persons, and subsequently presented Florence County Magistrate Judge Belinda Timmons with written affidavits, prepared warrants, and supplemental testimony detailing his efforts in investigating the allegations in the complaint. [ECF #49-1, p. 2]. Defendant McFadden also explained to Judge Timmons that the Plaintiffs were licensed bail bondsmen. [ECF #49-1, p. 2]

After finding that probable cause existed, Judge Timmons signed and executed arrest warrants for the Plaintiffs. [ECF #49-1, p. 2]. Eventually, the charges were dismissed because the victims failed to appear at trial. [ECF #49-1, p. 3]. This lawsuit was then filed on January 27, 2015. [ECF #1]. However, prior to the filing of the lawsuit, counsel for Defendant apparently sent correspondence to

Plaintiffs' counsel on January 23, 2015, advising Plaintiff's counsel that his clients' claims were "wholly and utterly without merit" pointing out that the arrests were supported by probable cause and made pursuant to valid warrants. [ECF #54-1, p. 1]. Defendant now seeks to recover his expended attorneys' fees and costs associated with this lawsuit. These fees are based on what was paid by Defendant's insurance carrier, the South Carolina Insurance Reserve Fund.

## Discussion

42 U.S.C. § 1988 allows for defendants sued pursuant to § 1983 the possibility of recovering attorney's fees. This statute provides in pertinent part: "[i]n any action or proceeding to enforce a provision of sections . . . 1983 . . .of this title, the court, in its discretion may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." The standard to decide whether a defendant is entitled to an award of attorney's fees is whether defendant makes a showing that plaintiff's claims were "frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so. *Lotz Realty Co., Inc., v. U.S. Dept. of Housing and Urban Dev.*, 717 F.2d 929, 931 (4th Cir. 1983) (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978)). In deciding whether a plaintiff's actions were "frivolous, unreasonable, or without foundation," his subjective intent is irrelevant. *Id.* at 932. Indeed, a plaintiff need not have acted in bad faith in order to be liable for fees. *Hutchinson v. Staton*, 994 F.2d 1076, 1080 (4th Cir. 1993).[1] With respect to policy concerns, as the Fourth Circuit has explained, when a court imposes fees on a plaintiff who presents a frivolous claim, "it chills nothing that is worth encouraging." *Id.* at 1081.

Here, Defendant has pointed to the following evidence to meet the standard of showing Plaintiffs' claims were frivolous or groundless: (1) Plaintiffs' arrests were made pursuant to a valid

---

[1] To the extent Plaintiffs argue that Defendant is not entitled to fees because they brought their claims in good faith, this Court notes that Plaintiffs' intent is not part of the relevant inquiry.

warrant and upon a finding by a magistrate judge that probable cause existed for their arrest; (2) counsel for Defendant emailed Plaintiffs' counsel alerting them to the fact that their claims were without merit, in part based on the fact that the arrests were supported by a finding of probable cause and pursuant to valid warrants; (3) in the R&R, the Magistrate Judge determined that all of their claims failed as a matter of law because Defendant did not transgress any of Plaintiffs' rights; and (4) Plaintiffs did not file any objections to the R&R, thereby implicitly consenting to summary dismissal of their claims.

Furthermore, after filing this lawsuit, Plaintiffs agreed to dismissal with prejudice of their state law claims against all Defendants, as well as dismissal of two of the three named Defendants.[2] It can certainly be argued that Plaintiffs' counsel should have been aware of the questionable merit of the case. At the same time, a fee award to a civil rights defendant is an "extreme sanction," one that should be reserved for truly egregious misconduct. *See Jones v. Continental Corp.*, 789 F.2d 1225, 1232 (6th Cir. 1986). The Court notes that Plaintiffs did not file objections to the R&R, thus not continuing to litigate once it was certainly clear that the claims were groundless or without merit. Also, while the Court notes theat the initial letter from defense counsel is relevant, it is certainly not dispositive. Thus, while questionable, this Court does not find that Plaintiffs' actions in bringing this lawsuit rise to the level of egregious misconduct, and therefore the granting of attorney's fees to Defendant would be inappropriate. Accordingly, this Court, in its discretion declines to award attorney's fees in this case.

With respect to costs associated with this case, Defendant filed a Bill of Costs totaling $3,804.12. [ECF #48]. In addition, Defendant also requested reimbursement of related, nontaxable expenses pursuant to 42 U.S.C. § 1988. Attached to Defendant's motion is the Affidavit of Mr.

---

[2] To the extent Plaintiffs argue Defendant McFadden is not entitled to an award of fees and costs because Plaintiffs still have state law claims pending, this argument is not supported by the record. With respect to those state law claims, Plaintiffs agreed to dismiss those claims with prejudice and not continue to litigate. Further, each party agreed to bear their own attorney fees. [ECF #30]. Furthermore, as Defendant McFadden points out in his reply brief, the time for bringing those claims has expired.

Kozacki which includes a figure for litigation costs, totaling $394.53. This Court will analyze each request for costs in turn.

Prevailing parties are entitled to an award of costs pursuant to Federal Rule of Civil Procedure 54(d)(1), which provides: "[e]xcept when express provision therefor is made either in a statute of the United States or in these rules, costs . . . shall be allowed as of course to the prevailing party unless the court otherwise directs." The rule makes clear that, in the ordinary course, a prevailing party is entitled to an award of costs and there exists a presumption to that effect. *Cherry v. Champion Intl. Corp.*, 186 F.3d 442, 446 (4th Cir. 1999). "To overcome the presumption, a district court 'must justify its decision [to deny costs] by 'articulating some good reason for doing so.'" *Id.*, *citing Teague v. Bakker*, 35 F.3d 978, 996 (4th Cir. 1994). The expenses which may be taxed are listed in 28 U.S.C. § 1920 and Local Civil Rule 54.03.

Costs may be denied only when there would be an element of injustice in a presumptive cost award. *See Delta Air Lines v. August*, 450 U.S. 346, 355 (1981). Factors which may justify refusal by the court to award costs include misconduct by the prevailing party, the losing party's inability to pay, the excessiveness of the costs claimed in a particular case, the limited value of the prevailing party's victory, or the closeness and difficulty of the issues decided. *Teague*, 35 F.3d at 996.

The Bill of Costs includes service for summons and subpoenas ($183.00), transcript fees ($1,724.20), printing fees ($996.82), witness fees ($50.00), and costs related to other services ($850.10).[3] In their response, Plaintiffs generally claims that the "fees and costs" are unreasonable and excessive. However, with respect to the items in the Bill of Costs, Plaintiff only raises a specific issue with respect to the $996.82 in printing costs and $183.00 in subpoena services costs spent by

---

[3] Defendant attached an itemization of costs to its Bill of Costs, noting that this other fee applies to Plaintiffs' Expert Deposition. [ECF #48-1, p. 1].

5

Defendants and included in the Bill of Costs because Plaintiffs argue the sought after medical records reflected in these costs were unrelated to any claims and unlikely to lead to any discoverable information that would reasonable be necessary to defendant their position. In response, Defendant argues that Plaintiff alleged medical and/or emotional injuries as a result of the actions, thereby necessitating the review of medical records. [ECF #54, p. 5].

Title 28 U.S.C. § 1920 provides that "[a] judge or clerk of any court of the United States may tax as costs the following:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title."

28 U.S.C. § 1920.

With respect to the printing costs, the Court finds that the fee was necessary and is properly taxable under 28 U.S.C. § 1920. Likewise, fees for service of summons and subpoenas were not excessive and were necessarily obtained for use in the case. With respect to the additional costs included within the Bill of Costs, the Court also finds these fees were necessary for the defense of this

case and properly taxable under 28 U.S.C. § 1920. The amount awarded pursuant to the bill of costs totals **$3,804.12.** These costs shall be awarded to Defendant.

Defendant also seeks reimbursement for its postage costs ($27.98), outgoing long distance facsimiles costs ($0.21), printing and reproduction costs ($281.33), color copying costs ($2.30), and document imaging costs ($82.71). [ECF #49-2, p. 2]. This Court finds that these nontaxable costs requested by Defendant, totaling $394.53 for postage, printing, faxes, and document imaging and copying, were necessary and reasonable, as well. There is no allegation of misconduct by the prevailing party and the requested costs are not excessive. Plaintiffs have not suggested that they are unable to pay a portion of these costs. Accordingly, for the reasons stated above, Defendant is awarded these costs in the total amount of **$394.53**. These costs shall be included in the judgment of this Court.

## Conclusion

For the foregoing reasons, Defendant's Motion for Attorney's Fees and Related Nontaxable Costs [ECF #49] is **DENIED in part and GRANTED in part,** only to the extent that Defendant is entitled to its costs associated with litigation. Accordingly, the amount awarded pursuant to this motion based on the filed Bill of Costs [ECF #48] and including the requested, nontaxable costs is **$4,198.65.**

**IT IS SO ORDERED**.

December 2, 2016　　　　　　　　　　　　　　　　s/ R. Bryan Harwell
Florence, South Carolina　　　　　　　　　　　　R. Bryan Harwell
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge